UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

_____
                                    )
GARY RICHMOND and ANNA RICHMOND,     )
                                    )
    Plaintiffs,                      )
                                    )
v.                                  )    Civil Action No. 5:12-0222
                                    )
HSBC CARD SERVICES, INC.,            )
                                    )
    Defendant.                       )
_____)

NOTICE OF REMOVAL

TO:   TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

Defendant, HSBC Card Services, Inc. ("Card Services") respectfully gives notice of the removal to this Court of the action commenced against it in the Circuit Court of Raleigh County, West Virginia, identified below.  Card Services denies the allegations contained in the state court pleadings and file this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.

I.   THE ACTION

Card Services is named as a defendant in a lawsuit filed in the Circuit Court of Raleigh County, West Virginia, styled Gary Richmond and Anna Richmond v. HSBC Card Services, Inc., Civil Action No. 11-C-995-B.  A copy of the Complaint is attached hereto as Exhibit A.

II.   SERVICE

Plaintiffs served the Complaint upon Card Services by sending it to the Secretary of State of West Virginia, which was delivered to Card Services on or about January 3, 2012.

1

Removal of this case is timely as this notice is filed within thirty (30) days after Card Services received the Summons and Complaint. As of the date of filing this removal, Defendants is not in default in the state court case.

### III.   PLEADINGS & NOTICE TO STATE COURT

Under 28 U.S.C. § 1441, 28 U.S.C. § 1446(a) and LR Civ. P. 3.4, copies of all pleadings, records, orders and proceedings if any, from the Circuit Court of Raleigh County will be filed with this Court. Also, contemporaneous with the filing of this Notice, Card Services has given written notice to Plaintiffs and has notified the Circuit Court of Raleigh County of this removal.

### IV.   JURISDICTION

A.   This Court Has Jurisdiction Pursuant To 28 U.S.C. § 1332 (Diversity).

This action is within the jurisdiction of the District Court pursuant to 28 U.S.C. § 1332. Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States." 28 U.S.C. § 1332(a)(1). This action satisfies both statutory requirements.

*1.   The Amount in Controversy Exceeds $75,000.*

In his Complaint, Plaintiffs seeks actual damages, statutory damages, and punitive damages. See Compl. p. 3, Wherefore Clause. While Plaintiffs does not specify the total amount of damages that he seeks to recover, when all claimed damages are considered, the amount in controversy exceeds $75,000. To establish that the amount in controversy exceeds the jurisdictional limit on removal, the removing party must show by a preponderance of the evidence that the *amount in controversy* exceeds the jurisdictional threshold. See, e.g.,

Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994); J.S.K. Realty Co. v. Galileo Moundsville, LLC, 2007 U.S. Dist. LEXIS 89206, *4-6 (N.D.W.Va. 2007); Evans v. CDX Serv. LLC, 528 F.Supp.2d 599, 605-06 (S.D.W.Va. 2007); Green v. Metal Sales Manuf. Corp., 394 F.Supp.2d 864, 866 (S.D.W.Va. 2005); Weddington v. Ford Motor Credit Co., 59 F.Supp.2d 578, 582 (S.D.W.Va. 1999) (applying preponderance standard to actions where amount of damages are unspecified).  To satisfy the preponderance standard "the removing party must show that it is 'more likely than not that the amount in controversy exceeds the jurisdiction amount.'"  Weddington 59 F.Supp.2d at 583. (finding unspecified monetary damages exceeded jurisdictional limit based on allegations of complaint); see also McCoy v. Erie Ins. Co., 147 F. Supp. 2d 481 (S.D.W.Va. 2001) (reversing prior application of legal certainty standard and applying preponderance standard to all removals not just those with unspecified damages).[1]  In the Fourth Circuit, district courts may look to pecuniary result that a judgment would have on the defendant to evaluate the total amount in controversy.  See Dixon v. Edwards, 290 F.3d 699 (4th Cir. 2002) (finding amount in controversy satisfied based on defendants losses if injunctive relief ordered); see also Moore v. Cabot Oil & Gas Corp., 2007 U.S. Dist. LEXIS 32503, *15 (S.D.W.Va. 2007) ("The amount in controversy may be determined by the amount a potential judgment could mean for *either* party") (emphasis added).  In matters involving declaratory and injunctive judgment relief, the test "is the pecuniary result to either party which [a] judgment would produce."  Dixon, 290 F.3d at 710; Hudson Constr. Co. v. Dillingham Constr. Co., 169 Fed. Appx. 769 (4th Cir.

---

[1] At least four other Circuit Court of Appeals have adopted the preponderance standard. See e.g. United Food & Comm. Workers Union, Local 9191 v. Centermark Prop. Meridian Square, Inc., 30 F.3d 298, 30 (2d. Cir. 1994); Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723-34 (5th Cir. 2002); Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 572-73 (6th Cir. 2001); Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290-91 (10th Cir. 2001) (adopting preponderance of the evidence standard as removing party's burden).

3

2006) (holding amount in controversy satisfied using pecuniary result formula). Punitive damages and attorneys fees can also be considered by the Court. See Weddington, 59 F.Supp.2d at 584 Id. (counting punitive damages and attorney's fees as part of amount in controversy); Moore, 2007 U.S. Dist. LEXIS at *16 (considering punitive damages factor for amount in controversy).

In this case, Plaintiffs seek unspecified monetary damage including actual damages, statutory damages, punitive damages, civil penalties, and attorney's fees. Plaintiffs' claim is based upon allegation that she received 249 improper debt collection calls from Card Services. See Compl ¶ 8. In support of their prayer for relief and claim for damages, Plaintiffs rely upon both the federal Telephone Consumer Protection Act ("TCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA"). Although Card Services denies liability, each alleged call in violation of the TCPA is subject to a $500 penalty. See 47 U.S.C. § 227(b)(3)(B). Willful or knowing violations of the TCPA can result in trebled damages. See 47 U.S.C. § 227(b)(3). Under the WVCCPA, civil penalties may, with an inflationary adjustment, be in excess of $4,000 per call. Under the TCPA alone (249 x $500 = $124,500), potential damages exceed the statutory minimum for diversity. While the potential TCPA damages alone satisfies the amount in controversy requirement of the removal statute, additional damages (punitive, attorney's fees) could result in an amount that easily exceeds the $75,000 threshold.

    2.  *There Is Diversity of Citizenship Between Plaintiffs And Card Services.*

Plaintiffs allege in their Complaint that they are residents of Raleigh County, West Virginia. See Compl. ¶1. They further alleges that "HSBC Card Services, Inc. is an Illinois corporation with its principal place of business at 26525 N Riverwoods Boulevard, Mettawa,

4

IL 60045.  See Compl. ¶3.  For purposes of diversity jurisdiction, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  A case is between citizens of different states when "there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state."  Howell v. Allstate Ins. Co., 2010 U.S. Dist. LEXIS 1984, 2-3 (D. W. Va. 2010) (citing Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005)); see also Justice v. Branch Banking & Trust Co., 2009 U.S. Dist. LEXIS 24668 (D. W. Va. 2009) (citing Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388, 118 S. Ct. 2047, 141 L. Ed. 2d 364 (1998).) ("A case falls within … [a] federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same state.").  In this case, Plaintiffs are citizens of West Virginia while Card Services is not.  As a result, there is diversity of citizenship in this matter for purposes of 28 U.S.C. § 1332.

  B. This Court Has Jurisdiction Pursuant To 28 U.S.C. § 1331 (Federal Question).

  This action is within the jurisdiction of the District Court under 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Among other claims, Plaintiffs allege in her Complaint that Card Services has violated the federal TCPA.  See Compl. ¶¶ 2, 4, 13-16.  Accordingly, this Court has jurisdiction over the federal claims relating to the TCPA.

C.      <u>This Court Has Supplemental Jurisdiction Pursuant To 28 U.S.C. § 1367.</u>

This Court also has supplemental jurisdiction over Plaintiffs' state law claims.  Under 28 U.S.C. § 1367, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy …"  In this case, Plaintiffs' state law based claims are based upon the same factual allegations, including those alleging that Card Services engaged in improper debt collection calls.  Thus, the state law claims that form a part of the action are properly removed under 28 U.S.C. § 1441(c), which allows for an entire case, including the state law claims, to be removed to the district court.

V.     CONCLUSION

WHEREFORE Card Services requests that this Court assume jurisdiction over this matter and that no further proceedings be held in the Circuit Court of Raleigh County, West Virginia.  To the extent that Plaintiffs challenge this removal, Card Services requests the opportunity to brief and argue before this Court any issues or questions regarding this jurisdiction.

HSBC CARD SERVICES, INC.

By:   */s/ Sean R. Higgins*

Sean R. Higgins (WV Bar No. 11466)
sean.higgins@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
Phone: 617.573.4700
Fax: 617.573.4710

***COUNSEL FOR DEFENDANT,***
***HSBC CARD SERVICES, INC.***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this date.

Date: February 1, 2012          */s/ Sean R. Higgins*